UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD K. ALI,

    Plaintiff,                           CIVIL ACTION NO. 09-12771

v.                                     DISTRICT JUDGE DAVID M. LAWSON
                                       MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

This cause comes before the Court on Plaintiff's separate Application For Appointment of Counsel dated July 14, 2009 (Docket #2). The decision to appoint counsel for an indigent litigant is within the discretion of the district court. LaBeau v. Dakota, 815 F.Supp. 1074, 1076 (W.D. Mich. 1993) (citing Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985), cert. denied, 474 U.S. 1036 (1985)). Appointment of counsel is not a constitutional right. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). This discretion rests upon a consideration of all the circumstances of the case, including the plaintiff's finances, his efforts to obtain counsel, and most importantly, whether the plaintiff's case appears to be meritorious. Henry at 760.

The Social Security Act permits practicing attorneys to collect a contingent fee for representing disability claimants before the Social Security Administration from past due benefits that result from successful claims. Consequently, disability claimants pay no fee at all unless they win their case. 42 U.S.C. §§ 406(a)(2)(A) and 1383(d)(2)(A). In his application for appointment of counsel, Plaintiff fails to demonstrate that he attempted and

failed to secure legal representation under this fee arrangement. Accordingly, Plaintiff's Application for Appointment of Counsel is DENIED.

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72.  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

SO ORDERED.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 5, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2009: **Mohammad K. Ali.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217