UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD K. ALI,

       Plaintiff,                 CIVIL ACTION NO. 09-12771

v.

                                     DISTRICT JUDGE DAVID M. LAWSON
                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on June 30, 2003, alleging that he had been disabled and unable to work since October 16, 2000, at age 32, due to joint pain, diabetes, depression, anxiety and post traumatic stress disorder. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on April 28, 2008, before Administrative Law Judge (ALJ) Richard Sasena[1]. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge restricted claimant from jobs

---

[1] An earlier hearing was held in September 2004, before a different ALJ. The decision to deny disability benefits was vacated by the Appeals Council in May 2005, in order to obtain additional evidence concerning claimant's alleged post traumatic stress disorder (TR 217-219).

that requiring English fluency, and exposure to unprotected heights. The ALJ also limited him to simple, routine, repetitive tasks that involved no more than occasional need to climb, balance, stoop, kneel, crouch or crawl. The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 40 years old at the time of the most recent administrative hearing (TR 16). He had completed two years of college in Iraq (TR 385). Plaintiff had last worked as a librarian in Syria before emigrating to the United States in 2000 (TR 381-382). Plaintiff testified, through an interpreter, that he was disabled and unable to work due to severe left knee pain, hypertension, diabetes, low back pain and chronic fatigue (TR 383, 386, 388). He also experienced depression and anxiety stemming from recurring memories of his father and brother's deaths during the Iraq war (TR 388). Claimant's mental status, however, improved with medications, and he had stopped psychiatric treatment about a year prior to the hearing (TR 387). Plaintiff acknowledged that he was able to care for his personal needs, and had been able to travel abroad numerous times in recent years (TR 398-399).

A Vocational Expert, Jennifer Turicki, stated that Plaintiff had no relevant past work experience (TR 406). The witness testified that there would not be any jobs for claimant to perform if him testimony were fully accepted[2] (TR 408). If he were capable of sedentary

---

[2]The witness testified that claimant's alleged need to take frequent breaks during the day in order to relieve his fatigue would preclude all work activity (TR 408).

work, however, there were numerous unskilled sorting and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 407). These simple, routine jobs allowed a sit-stand option, and did not expose workers to moving machinery or unprotected heights. They did not require fluency in English, and there was only an occasional need to climb, stoop, kneel, crouch or crawl.

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative joint and disc disease, diabetes, depression, anxiety and post traumatic stress disorder, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's multiple impairments prevented him from working at jobs requiring him to sit or stand for prolonged periods, and from work involving frequent climbing, balancing, stooping, kneeling, crouching or crawling. The Law Judge also restricted claimant from jobs that required fluency in English, and exposure to unprotected heights. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his various impairments.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option and involving no exposure to unprotected heights. Contrary to Plaintiff's assertion, the medical evidence did not support his

allegations of total disability stemming from the combination of joint pain, hypertension, diabetes and/or mental difficulties.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to back and left knee pain. Claimant experienced excellent results following left knee surgery in October 2000. Dr. Vincent Rogers reported in April 2002, that there was full range of left knee motion with minimal crepitus (TR 136). A year later, Plaintiff was taking only Motrin, an over-the-counter pain medication, which helped reduce lingering knee discomfort (TR 174). An X-ray of the left knee in April 2003 showed minimal degenerative changes (TR 174).

Claimant's hypertension and diabetic conditions were poorly controlled. Treating doctors blamed the problem on claimant's failure to follow recommended treatment, which included periodic doses of insulin, following a prescribed diet and engaging in a daily exercise program (TR 197, 294, 296, 299). Nevertheless, Plaintiff felt well enough to travel outside the country in January 2006 for a one month visit to his native Iraq (TR 291-292). Doctors monitored claimant's blood pressure and sugar levels after his return to the United States, but his adherence to recommended treatment remained a problem (TR 287-290).

Dr. Cynthia Shelby-Lane evaluated claimant on February 19, 2008, at the request of the Commissioner. While Plaintiff walked slowly and with a slight limp, he was able to ambulate, squat down and grip objects with good dexterity (TR 316). The consulting examiner concluded that Plaintiff could perform sedentary work activity, as long as he was not exposed to moving machinery, unprotected heights or temperature extremes (TR 323-327).

The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting him to simple, routine tasks requiring little, if any, judgment (TR 17). As long as the claimant took anti-depressant medications as prescribed, he reportedly felt better and was able to function normally (TR 261, 264, 331, 337). The fact that Plaintiff could travel outside the country numerous times, including two visits to his native Iraq, during the relevant time (TR 398-399) suggests that his concentration, persistence and pace were not impaired.

Plaintiff relies heavily upon the fact that Dr. Usha Sudindranath, a treating psychiatrist, opined on October 17, 2004, that he was disabled and should be granted SSI benefits (TR 204). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Sudindranath offered little objective evidence during the relevant period to support his October 2004, statement of disability[3], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

---

[3]The doctor failed to provide clinical or diagnostic medical evidence substantiating his opinion that the claimant could not work on a regular basis. Moreover, Plaintiff consistently told Dr. Sudindranath, as well as other examining physicians, that his mental difficulties disappeared when he took his medications as directed (TR 261, 264, 331, 337-338). Consequently, the ALJ reasonably discounted the psychiatrist's disability opinion because the evidence demonstrated that Plaintiff's symptoms improved with treatment.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that him testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled sorting and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 407). These simple, routine jobs allowed a sit-stand option, and did not expose workers to unprotected heights. These jobs did not require fluency in English, and involved only an occasional need to climb, stoop, kneel, crouch or crawl. Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: February 23, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify on February 23, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 23, 2010: **Mohammad K. Ali.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217